IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case Number CR-07-58-02-C |
| | ) | CIV-16-423-C |
| MICHAEL DUANE RABIEH, | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Defendant has filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.[1] In his motion, Defendant challenges his sentence based on the Supreme Court's recent decision in Johnson v. United States, ___ U.S. ___, 135 S.Ct. 2551 (2015). The Court appointed counsel to assist Defendant in this matter. Counsel filed a brief adopting the arguments made by Defendant in his pro se filing as well as providing additional grounds in support. Plaintiff filed a Response to which Defendant has replied.

Defendant states that at sentencing his Guideline range was enhanced because he was deemed an armed career offender. Defendant argues, however, in light of Johnson, that enhancement is now improper and he should be resentenced. The Court finds Defendant is not entitled to relief because he waived his right to collaterally challenge his sentence.

---

[1] Defendant has previously filed a § 2255 Motion. However, he has obtained permission from the Tenth Circuit to file this second petition. See Dkt. No. 125.

It is undisputed that as part of his plea agreement, Defendant signed a waiver. In paragraph 8 of the Plea Agreement, Defendant agreed to give up any right to "[a]ppeal or collaterally challenge his guilty plea . . . and any other aspect of his conviction . . . ." (Dkt. No. 33, p. 5.) Defendant's present challenge is within the scope of the waiver. See United States v. Hahn, 359 F.3d 1315, 1325 (10th Cir. 2004) ("The first prong of the analysis requires the court to determine if the disputed appeal falls within the scope of the appellate waiver."). Defendant does not dispute that his § 2255 motion raises the type of issues governed by the terms of the waiver.

Turning to the second Hahn prong, whether the waiver was knowing and voluntary, the Court finds this prong is likewise met, as Defendant's statements in the Petition to Enter Plea of Guilty provide ample evidence the plea was knowingly and voluntarily entered. Id. ("The second prong of the analysis requires the court to ascertain whether the defendant knowingly and voluntarily waived his appellate rights."). In his briefs filed in connection with the present § 2255 Motion, Defendant does not challenge either of the first two Hahn prongs.[2]

Finally, the third prong of Hahn considers whether enforcing the waiver will result in a miscarriage of justice because the waiver is "otherwise unlawful." Id. at 1327. It is here that Defendant makes his stand. According to Defendant, because his sentence was based

---

[2] The Court notes that the Tenth Circuit has previously upheld the validity of the waiver as to Defendant when addressing his first § 2255 Motion. See United States v. Rabieh, 327 F. App'x 71, 74 (10th Cir. 2009) ("we agree with the district court that Rabieh's § 2255 motion is properly precluded by enforcement of the plea agreement.").

on an improper enhancement, refusing to reduce that sentence will result in a miscarriage of justice. Defendant has the burden to demonstrate that enforcement of his collateral attack waiver would result in a miscarriage of justice. See United States v. Anderson, 374 F.3d 955, 959 (10th Cir. 2004). To advance his position, Defendant argues that in United States v. Madrid, 805 F.3d 1204 (10th Cir. 2015), the Tenth Circuit held application of the career offender guideline enhancement undermined the fundamental fairness of the sentence imposed. Id. at 1212. However, the analysis in Madrid was whether the sentence constituted plain error and did not involve an appeal waiver. Defendant also directs the Court to decisions of other district courts in the Tenth Circuit which have declined to enforce a collateral attack waiver, United States v. Daugherty, Case No. 07-CR-86-TCK, 2016 WL 4442801 (N.D. Okla. Aug. 22, 2016), and United States v. Brown, No. CR-05-94-R, Dkt. No. 188 (W.D. Okla. Aug. 30, 2016). Relying on these cases, Defendant argues applying the appellate waiver will result in a miscarriage of justice.

Unfortunately for Defendant, his argument, while compelling, fails to apply the proper standard to the third prong of Hahn. The Tenth Circuit has explained the proper issue to be considered:

> Our inquiry is not whether the sentence is unlawful, but whether the waiver itself is unlawful because of some procedural error or because no waiver is possible. An appeal waiver is not "unlawful" merely because the claimed error would, in the absence of waiver, be appealable. To so hold would make a waiver an empty gesture.

[United States v. Sandoval, 477 F.3d 1204, 1208 (10th Cir. 2007)] (citation omitted). "The whole point of a waiver . . . is the relinquishment of claims

regardless of their merit." Id. (internal quotation marks omitted). As we explained in United States v. Smith, 500 F.3d 1206 (10th Cir. 2007), this miscarriage-of-justice exception

> looks to whether "the waiver is otherwise unlawful," not to whether another aspect of the proceeding may have involved legal error. [The defendant's] argument that alleged errors in the court's determination of her sentence should invalidate her appellate waiver illustrates what Hahn called "the logical failing[ ] of focusing on the result of the proceeding, rather than on the right relinquished, in analyzing whether an appeal waiver is [valid]." [359 F.3d] at 1326 n. 12 (discussing whether an appeal waiver was knowing and voluntary); *see also, e.g.*, United States v. Howle, 166 F.3d 1166, 1169 (11th Cir.1999) ("A waiver of the right to appeal . . . includes a waiver of the right to appeal blatant error."). To allow alleged errors in computing a defendant's sentence to render a waiver unlawful would nullify the waiver based on the very sort of claim it was intended to waive.
>
> Id. at 1212–13 (citation omitted); *see also* United States v. Shockey, 538 F.3d 1355, 1357–58 (10th Cir.2008) (rejecting contention that enforcement of appeal waiver would amount to miscarriage of justice because defendant's sentence was so ambiguous as to be unlawful).

United States v. Little, 618 F. App'x 950, 952 (10th Cir. 2015), cert. denied, ___ U.S. ___, 136 S.Ct. 1376 (2016). Defendant has offered no argument or authority demonstrating that his waiver was unlawful or improper; therefore, he cannot show a miscarriage of justice as required by Hahn. As a result, Defendant has waived his right to bring the present challenge.

## CONCLUSION

As set forth more fully herein, Defendant's claims are barred by the terms of the waiver included in the Plea Agreement. Accordingly, Defendant's Motion to Correct a Sentence (Dkt. No. 121) and his Amended Successive (Dkt. No. 126) are DENIED.

4

Plaintiff's Motion to Enforce Collateral Attack Waiver or, Alternatively, Motion to Abate Proceedings (Dkt. No. 134) is GRANTED. A Judgment will enter accordingly.

IT IS SO ORDERED this 11th day of October, 2016.

_____
ROBIN J. CAUTHRON
United States District Judge